```
             THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff,**<br><br>v.<br><br>LUIS OCASIO-RAMOS (1),<br><br>**Defendant.** | **CRIMINAL NO. 21-cr-324 (RAM)** |

## OPINION AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

This matter comes before the Court on Defendant Luis Ocasio-Ramos' *Request for De Novo Bail Hearing Pursuant to Title 18 U.S.C. §§ 3145(b)*. (Docket No. 56). For the below-stated reasons, the Court **GRANTS** Defendant's request for pretrial release subject to the conditions specified herein and in the separate order of release.

### I. BACKGROUND

On September 9, 2021 a Grand Jury returned an indictment against four (4) defendants, including Mr. Luis Ocasio-Ramos ("Mr. Ocasio-Ramos" or "Defendant"). (Docket No. 17). Mr. Ocasio-Ramos is charged with one (1) count of Conspiracy to Possess with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846. Id. at 1-2.

On September 13, 2021, Magistrate Judge Marshal D. Morgan held a detention hearing as to Mr. Ocasio-Ramos. (Docket No. 30). After hearing the parties, Judge Morgan determined that the Government proved "[b]y clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or the community[,]" and ordered that Mr. Ocasio-Ramos be detained pending further proceedings. (Docket No. 31 at 2). Judge Morgan found that although Defendant presented sufficient evidence to rebut the applicable presumption, detention was warranted due to other factors, namely: that the weight of evidence against him is strong; and (b) he is subject to a lengthy period of incarceration if convicted. Id. at 2.

On October 13, 2021, Mr. Ocasio-Ramos filed his motion requesting a *de novo* bail hearing and revocation of the detention order. (Docket No. 56). Defendant maintains therein that he does not pose a risk to the community. Id. at 4. Furthermore, Defendant contends that a combination of conditions exist which may reasonably assure that he will appear when ordered given that: (a) although he was convicted of a misdemeanor over fifteen years ago, he has no prior *felony* convictions; (b) has had the same employment for over 15 years and pays taxes; (c) he has no history of substance abuse; (d) his common law wife, who he has lived with for three years, and uncle are eager and able to act as third-party

custodians; and (e) his property, *i.e.* home, can be posted as security. Id. at 3, 6-9.

The Court held a *de novo* bail hearing on December 6, 2021. (Docket No. 90). At the hearing, the Government proceeded by proffer and Defendant responded with various arguments as to why the detention order should be revoked. Id. The Court took the matter under advisement and notified that it would consider the Pretrial Services Report. Id. Given Defendant's strong ties to Puerto Rico, lack of a history of violence, and family support, the Court finds that the Government has *not* proven by clear and convincing evidence that there are no conditions or combination of conditions of release which can reasonably assure the safety of any person and the community. The Court also finds there are conditions which can reasonably assure Defendant's appearance at trial.

## II.  LEGAL STANDARD

### A. Standard of review for a detention or release order:

A district court reviews a Magistrate Judge's order of detention or release under a *de novo* standard and "need not defer to the magistrate judge's findings or give specific reasons for rejecting them." United States v. Cidraz-Santiago, 18 F. Supp. 3d 124, 126 (D.P.R. 2014). A district court may also "take additional evidence or conduct a new evidentiary hearing when the defendant has placed relevant facts at issue." Id.

**B. The Bail Reform Act:**

Pursuant to the Bail Reform Act of 1984 (the "Act"), a judicial officer must determine whether a person charged with an offense shall be detained or released. *See* 18 U.S.C. § 3141(a). Section 3142(e) of the Act provides that if after conducting a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person prior to trial." 18 U.S.C. § 3142(e).

Section 3142(f) of the Act establishes the instances in which an accused individual is eligible for detention and therefore, a detention hearing is proper. Id. § 3142(f). Specifically, Section 3142(f)(1) of the Act requires that the judicial officer hold a detention hearing upon motion of the attorney for the Government in cases which involve "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46" and other prescribed offenses including crimes of violence. Id. § 3142(f)(1)(A)-(E). Likewise, Section 3142(f)(2) authorizes the court to hold a detention hearing upon government motion or *sua sponte* in cases that involve "(A) a serious risk that such person will flee; **or** (B) a serious risk that such person

will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." Id. § 3142(f)(2) (emphasis added).

The standard of proof for detention due to dangerousness is **clear and convincing evidence**. Id. Clear and convincing evidence is "more than preponderance of the evidence and less than beyond reasonable doubt." United States v. Acevedo Ramos, 600 F.Supp. 501, 509 (D.P.R. 1984). This standard requires "a high degree of certainty that the information presented supports the conclusion of dangerousness or risk to the obstruction of justice." Id. The standard of proof for detention due to risk of flight is preponderance of the evidence. See United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).

Another Judge sitting in this District has held that:

> Where probable cause is found to believe that a defendant has committed a crime listed or in the circumstances set forth in 18 U.S.C. § 3142(e), a rebuttable presumption arises that no conditions or combination of conditions exist that will reasonably assure the appearance of the defendant and the safety of the community.

United States v. Vargas-Reyes, 220 F.Supp. 3d 221, 225 (D.P.R. 2016) (citing 18 U.S.C. § 3142(e)(3)). A grand jury indictment alone triggers the presumption. Id. (citing United States v. Vargas, 804 F.2d 157, 163 (1st Cir. 1986)).

The 18 U.S.C. § 3142(e)(3) presumption imposes the burden of

n/a

production upon the defendant. *See* Vargas-Reyes*,* 220 F.Supp. 2d at 225. This burden of production can be satisfied by introducing at least some evidence contrary to the facts presumed but, even so, the presumption does not disappear and retains evidentiary weight. Id. Notably, the burden of *persuasion* always rests with the Government, both in presumption and non-presumption cases. Id.

When determining whether there are conditions of release to assure a defendant's appearance and the safety of the community during a detention hearing, judicial officers must take into consideration the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's personal history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Furthermore, the Court may consider uncharged conduct in assessing the degree of danger posed by the defendant's release. *See* United States v. Rodriguez*,* 950 F.2d 85, 88-89 (2d Cir.1991).

Under the Act, a decision to detain must be supported by written findings of fact and a statement of reasons and is immediately reviewable. *See* 18 U.S.C. § 3142(i). Although not required by the Act, the First Circuit has indicated that "a similar statement of reasons should ordinarily accompany release

orders in contested cases." <u>United States v. Tortora</u>, 922 F.2d 880, 883 (1st Cir. 1990).

### III. DISCUSSION

While several Section 3142(g) factors weigh in favor of detention, namely the nature and circumstances of the offense charged and the weight of the evidence, **the Court finds that the Government did not meet its evidentiary burden of proving by clear and convincing evidence that there "is no condition or set of conditions" that will reasonably assure the safety of any person and the community.** The existing Section 3142(e)(3) presumption is rebutted by Defendant's strong ties to Puerto Rico, family support, and lack a history of violence. Likewise, the Court finds that the Government did not establish by a preponderance of the evidence that there is **no condition or set of conditions** that will reasonably ensure Defendant's appearance at trial. The analysis of Section 3142(g) factors is as follows.

**A. The nature and circumstances of the offense charged:**

As noted above, Mr. Ocasio-Ramos is charged with violating 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii) and 846, Conspiracy to Possess with Intent to Distribute a Controlled Substance. (Docket No. 17 at 1-2). Accordingly, if convicted, Defendant may be subject to a penalty of imprisonment of no less than 10 years and not more than life. *See* 21 U.S.C. § 841(b). The offense charged in the indictment

is serious. Given the severity of the punishment provided by the relevant statutes, this factor favors detention.

## B. The weight of the evidence against the defendant:

According to the Government's proffer at the *de novo* bail hearing, on a wiretap investigation, Mr. Ocasio-Ramos is heard instructing members of a drug trafficking organization how to properly pack and mail controlled substances so that they could go undetected by the United States Postal Service ("USPS"). Multiple ammunitions of assorted caliber, as well as $5,500 in cash, were found in his home.[1] Therefore, the weight of the evidence against Mr. Ocasio-Ramos appears to be strong.

"[N]umerous courts have recognized that the seriousness of the charge and the weight of the evidence can create a strong incentive for a defendant's flight." United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 236 (D.P.R. 2009). As noted earlier, Defendant is facing a significant sentence if convicted, consisting of a mandatory minimum of 10 years of imprisonment.

However, the Court is not concerned with Defendant's guilt or innocence at this stage. *See* 18 U.S.C. 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence"). Instead, the Court must assess whether there is a

---

[1] The Court notes that Mr. Ocasio-Ramos had multiple photos of different firearms in his phone's camera roll, but no such weapons were found in his home. Given that there is no evidence regarding the location of the weapons nor who possesses them, these photos do not add to the weight of the evidence.

set of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. ¶ 3142(c). The remaining Section 3142(g) factors lead to the conclusion that such conditions exist.

**C. The Defendant's personal history and characteristics:**

Defendant's personal history and characteristics weigh in favor of release. Mr. Ocasio Ramos has been a lifelong resident of Puerto Rico. (Docket No. 22 at 1-2). His uncle, Edwin Ruiz, his wife, Somara Hernández, and his sister have expressed their willingness to serve as a third-party custodian if the Court grants conditions of release. (Docket No. 56 at 7). Defendant thus has strong family ties and strong ties to Puerto Rico. Defendant does not appear to have meaningful foreign ties and fleeing would sever his life-long ties to Puerto Rico.

Defendant has a GED and although he is currently performing odd jobs as a construction worker, he previously was a General Manager at Guerra 5, Inc. for more than 15 years. (Docket No. 22 at 2).

Mr. Ocasio-Ramos admitted to using cannabinoids and prescription pills (namely, Ambien and Tramadol) regularly and having used heroin 17 years ago. Id. at 3. While Defendant reported that he suffers from depression and anxiety tied to his mother's passing a few months ago, he has not been diagnosed by a physician. Id.

Mr. Ocasio-Ramos has been arrested on four previous occasions and convicted once. Defendant was convicted in 2007 for criminal contempt and sentenced to thirty-six days of imprisonment. Id. at 4-6. The remaining charges, for aggravated illegal appropriation, possession of tools designated or used to commit illegal appropriation of vehicle with the intent to commit such a crime, robbery, and carrying a firearm without a license, were all either archived or dismissed. Id. **Prior to the present case, Defendant had not been arrested or charged with any violations since 2007.** Id. The First Circuit has held that nothing in the Bail Reform Act nor in the Constitution bars judges from considering a defendant's previous bad conduct even if it did not result in a conviction, however "a prior arrest should not be accorded the weight of a prior conviction." See United States v. Acevedo-Ramos, 755 F.2d 203, 209 (1st Cir. 1985) (quoting S. Rep. No. 225 at 23 n. 66, 98th Cong., 1st Sess. (1983)).

Although Mr. Ocasio-Ramos' arrest record is serious, in the absence of additional convictions, the Court cannot find that he has a history of violence. Defendant's conviction for criminal contempt of court is worrisome, but in light of defense counsel's explanation and given that the conviction dates back to 2007, it is insufficient to establish that **no** set of conditions could ensure reasonably ensure Defendant's appearance at trial.

**D. The nature and seriousness of the danger to any person or the community that would be posed by the defendant's release:**

In the case at bar, it is undisputed that the 18 U.S.C. § 3142(e)(3) presumption concerning the burden of production applies. However, Mr. Ocasio-Ramos' strong ties to Puerto Rico, family support from his uncle, sister, and wife, and lack of history of violence rebut the presumption. *Cf*. United States v. Gall, 2013 WL 12192313, at * 1 (D.P.R. 2013) (ordering detention where defendant had a history multiple prior convictions including substance abuse, disorderly conduct, breach of peace, domestic violence, and contempt).

Ultimately, the Government had the evidentiary burden of proving that "no condition or combination of conditions will reasonably assure […] the safety of any other person and the community" under the clear and convincing evidence standard. 18 U.S.C. § 3142(e). "Undoubtedly, the **safety of the community can be reasonably assured without being absolutely guaranteed**." Tortora, 922 F.2d at 884 (emphasis added). Thus, the Government needed to present "'clear and convincing' evidence of defendant's dangerousness" to justify his detention without bail. United States v. Goveo-Santiago, 901 F. Supp. 56, 58 (D.P.R. 1995). The weight of the evidence and Defendant's arrest history are insufficient to establish Mr. Ocasio-Ramos' dangerousness.

## IV. CONCLUSION

Based on the grounds stated in this Opinion, Defendant Luis Ocasio-Ramos shall be released subject to the following conditions:

1. Defendant must not violate federal, state, or local law while on release.

2. Defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

3. Defendant must advise the Court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

4. Defendant must appear in Court as required and, if convicted, must surrender as directed to serve a sentence that the Court may impose.

5. Defendant shall execute a property bond on his residence located at 28 Destino St. Cataño Town Core, Cataño, PR 00962, binding himself to pay the United States the sum of $50,000 dollars in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

6. Qualification by the United States Probation Office of his common law wife, Somara Hernández, his uncle, Mr. Edwin Ruiz, or his sister as a third-party custodian.

7. Electronic monitoring.

8. Defendant's release is conditioned upon qualification of the third-party custodian and of her residence as well as verification by the United States Probation Office of electronic monitoring device capability.

9. Home incarceration. Defendant shall be restricted to a 24-hour-a-day lock-down at his residence except for medical necessities and court appearance or other activities specifically approved by the Court.

10. Defendant shall avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

11. Defendant shall submit to supervision by and report on a regular basis to the United States Probation Office.

12. Defendant will not use or unlawfully possess any narcotic drug or other controlled substances defined in 21 U.S.C. § 802 unless, prescribed by a licensed medical practitioner.

13. Defendant shall refrain from the excessive use of alcohol.

14. Defendant should receive medical or psychiatric treatment as recommended by the United States Probation Officer.

15. Defendant should participate in a program of inpatient or outpatient substance abuse therapy and counseling as deemed necessary by the United States Probation Office or the Supervising Officer.

Case 3:21-cr-00324-RAM   Document 101   Filed 12/21/21   Page 14 of 15
Criminal No. 21-324(1) (RAM)                                          14

16. Defendant shall not possess a firearm, destructive device, or other dangerous weapon.

17. Defendant shall surrender any passport to the United States Probation Office.

18. Defendant shall not obtain a passport or other international travel document.

19. Defendant shall report as soon as possible, to the United States Probation Office or the Supervising Officer any contact with any law enforcement personnel, including, but not limited to any arrest or questioning.

20. Defendant shall abide by the following restrictions on personal association, place of abode, and travel: Defendant shall reside at the address of record and shall not leave the jurisdiction of this District without first obtaining written permission from the Court.

21. As an exception, the Chief United States Probation Officer or his designee, may authorize temporary changes of address and overseas travels to the mainland U.S. only, not exceeding 15 calendar days, provided the United States Attorney has no objection to it. If objected, request will have to be made in writing to the Court.

22. Defendant shall not enter any airport or pier under this exception unless authorized by a PT Officer.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st day of December 2021.

                                      S/ RAÚL M. ARIAS-MARXUACH
                                      United States District Judge